UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JOSEPH EDMONDSON,

    Petitioner,

v.                               Case No. 8:18-cv-287-T-02TGW

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER DENYING PETITION

Petitioner brings this claim under 28 U.S.C. 2254 for relief from judgment and prison sentence. He is presently incarceration in the Florida State prison system. The Court determines no hearing is necessary and denies the petition.

The case against Petitioner involved two eyewitnesses, one of whom saw Petitioner breaking into and stealing from parked cars, after burglary into a locked garage where they were parked. This witness and Petitioner then had a scuffle and the witness had one tooth knocked out, and one cracked, during the tussle. (A3 131–97, 212–16, 222).[1] When the police arrived, Petitioner resisted and struck them. (A3 123–29, 202–03, 244–47, 258, 273). Petitioner made admissions to the

---

[1] The underlying record is found at Docket 11. The citation is to the record volumes so labeled and found there, i.e. A1 (first appellate volume); C1 (first collateral volume).

witness, and made inculpatory phone calls admitting to car burglary that were taped from the jail telephone. (A3 284–89). His fingerprints were found on the burgled cars and on an item taken from one burgled car. (A3 238–39). Petitioner was convicted at a jury trial and sentenced to a total of 30 years incarceration[2] as a prison release reoffender and based on other sentencing enhancements due to his extensive prior record.[3]

The Petitioner brings four grounds for relief. Respondent agrees the Petition is timely. Doc. 9 at 24–25.

**Ground One**: Petitioner asserts that the trial court erred by failing to conduct an adequate "*Nelson* inquiry" under *Nelson v. State*, 274 So.2d 256 (Fla. 4th DCA 1973). Petitioner contends this violated the Sixth and Fourteenth amendment to the U.S. Constitution, and impaired his constitutional right to proceed without counsel when he voluntary elected to do so. He argues the trial court, Judge William Fuente, relied upon a prior ruling of the administrative judge in this regard, Chief Judge Ronald Ficcarotta. Petitioner states "[b]ecause the trial court relied on a prior ruling and did not conduct an adequate inquiry after Mr.

---

[2] Counts of conviction at trial were: 1. burglary of occupied structure; 2. attempted grand theft motor vehicle (lesser of carjacking the victim); 3 – 6. burglary of unoccupied conveyance (3 cars); 7. obstructing an officer with violence; 8. battery on law enforcement officer.; and 9. battery on the witness (lesser of felony battery).
[3] Enhancements also included violent career criminal and habitual violent felony offender. (A2 286; Doc. 1-1 at 36). Before this current case, Petitioner had seven prior felony convictions from three counties. dc.state.fl.usc/offender search (last consulted 7/1/2020).

Edmondson's renewed request to discharge counsel, the trial court failed to follow the mandates of *Nelson*!" Doc 1 at 16.

The *Nelson* case discusses the commonsense Sixth Amendment issue of what to do when, on the verge of trial, the defendant seeks to discharge his court-appointed counsel for alleged incompetence. The opinion is not new law or a legal doctrine, but simply states that the trial court should make inquiry, and determine if there are reasonable grounds to consider counsel incompetent or unprepared. If so, appointed counsel should be replaced. And if not, counsel should not be replaced on those grounds alleged. *See* 274 So.2d at 257. And that is precisely what happened here.

The record shows that the Chief Judge made a proper inquiry as to appointed counsel's preparation, readiness, and competence. Petitioner contended that a security tape was tampered with or suppressed by the State, and his lawyer was not competent for failing to address this. The Chief Judge made full inquiry on the merits, on October 24, 2013. (A5, 314–19). After this inquiry of the State, Petitioner, and Petitioner's lawyer, the Chief Judge made a finding, quite proper based on this record, that "Well, Mr. Edmondson, I find that your reason to request discharge or dismissal of your appointed counsel is not a legitimate reason . . . . He can't create tapes that don't exist. So you certainly have the right to discharge him. If you choose to do so you can then hire any lawyer you want to in the yellow

3

pages or you can choose to represent yourself . . . ." (A5 319–21). Petitioner then responded that he did not have funds to hire a lawyer and "there is no way I'm going to be able to represent myself." *Id.* This ruling of the Chief Judge was then expressly adopted by the trial division judge five days later when the trial occurred. (A2 4 – 5). Ground One fails on the factual merits.

Respondent also correctly notes, independent of the merits, that Ground One is not exhausted. When this "*Nelson* claim" was presented to the state courts it was not squarely presented as a federal constitutional claim.[4] The Eleventh Circuit has noted, "[a]s to [Petitioner's] *Nelson* claim, the district court correctly concluded that it was not subject to federal habeas review because it was based on state law." *Ortiz v. Sec'y, Fla. Dep't of Corr.,* 2017 WL 3380604, *5 (11th Cir. Jan. 20, 2017).

**Ground Two:** The second ground alleges that the trial court failed to conduct a proper *Faretta* hearing. *Faretta v. California,* 422 U.S. 806 (1975). Doc. 1 at 17. The record shows that when he objected about his lawyer before the trial division judge, during the colloquy with the trial court Petitioner at one point stated in part:

---

[4] *Nelson* is a Florida appellate-level case, and in support of this claim below on direct appeal Petitioner cited seven Florida appellate cases, and no federal cases. He did not argue or present federal or U.S. constitutional law but rather presented it as a procedural violation under the Florida cases. *See* Doc. 1-1 at 14–18.

> I was a victim in this case and [the State] are trying to hide a conspiracy and I've uncovered a conspiracy. And here we are today, sir, because they do not want this brought to light. [My lawyer]'s not wanting to help me uncover it, sir. I will do it on my own if I have to.
>
> The Trial Judge: Do what on your own?
>
> Petitioner: Go to trial. This is not right. He refused to help me or listen to me. I'm telling him, they are [tampering with] my evidence. He doesn't care. How do you not care that people are tampering with my evidence?
>
> The Trial Judge: Did you tell all this to [Chief] Judge Ficarrotta?
>
> Petitioner: Yes, I did, sir.
>
> The Trial Judge: I am going to abide by the ruling . . . .
>
> Petitioner: So does that mean I am stuck with him?
>
> The Trial Judge: You are not stuck with him. He's going to represent you. He's been a lawyer for a long time, he's tried many cases in front of me. He is a very competent lawyer . . . .

(A2, 5–7).

During the middle of trial, Petitioner voiced a complaint to the trial judge about his lawyer, his lawyer's competence, and a failure to sever counts. Doc. 1-1 at 7–8. During this mid-trial colloquy Petitioner did not ask for, or mention, a request to proceed pro se. *Id.*

The obligation to conduct a *Faretta* hearing is triggered by the defendant's "clear and unequivocal" assertion of a desire to represent himself. *See Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990). The State argued on appeal, and the appellate court implicitly agreed by its per curiam affirmance, that Petitioner did not make a sufficient, unequivocal request in the trial record to

5

represent himself. Thus *Faretta* was not triggered. This is correct, and there is no other invocation of self-representation or request to proceed pro se in this record.

Moreover, even *if* the above passage was sufficient to trigger a *Faretta* inquiry, there is no prejudice. There would be no change in outcome had Petitioner represented himself. More likely, the outcome would have been worse, with convictions on the greater charges rather than lesser included offense. *See supra* footnote 2. Given the facts of this case and evidence presented, including Petitioner's own voice on jail calls confessing to the car burglaries, there is zero chance that a *Faretta* inquiry and self-representation would have changed any outcome for the better.

**Ground Three:** Petitioner states the prosecution failed to disclose favorable evidence to the defense, in violation of the Fourteenth amendment to the U.S. Constitution. Doc. 1 at 18. Petitioner stated that the State suppressed or concealed a security tape. In this regard Petitioner asserts the State provided a false location of where the tussle occurred with the witness, with the State falsely asserting the tussle was in a location off-camera. *Id.*

On the merits, this issue has nothing to do with the 30-year burglary sentence, the "harshest" conviction by far. Petitioner confessed to the car burglaries on the jail calls. In any event, there is no evidence in this record, other than Petitioner's contention, that any tape of the "tussle" existed. Prior to trial the

6

State asserted there were no additional tapes. (A5 318–19). On this issue the trial court expressly found there were no additional tapes. (A5 319–21).

Petitioner raised this "tape" issue during his Rule 3.850 post-conviction proceeding. In denying relief in a detailed evidence-based finding, that court relied upon testimony from the witness, and from the property manager, and found their testimony credible as to where the struggle occurred and where the security camera was filming. (C2 at 7-8; Doc. 1-1 at 40 - 43). The Petitioner has not shown that either the trial-level findings or the post-conviction findings are in any way erroneous, and such findings are based in the evidence, are reasonable, and are entitled to deference.

Putting aside the merits of Ground Three, the Respondent rightly argues this ground is, in any event, unexhausted. Petitioner failed to appeal the post-conviction court's denial of relief on this ground. Thus the claim is not exhausted. *See Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (holding that petitioner's failure to appeal the denial of his postconviction petition meant those claims were never exhausted); *see also Castillo v. Florida*, 630 Fed. App'x 1001, 1004 (11th Cir. November 11, 2015) (citing cases holding same). Petition has offered no reasons to excuse or ignore this failure to exhaust. If Petitioner exhausted these claims by pursuing a 3.850 appeal after filing the instant 2254 petition, there is no indication of this in the record and his Petition expressly states

7

he did not appeal. Doc. 1 at 6.[5]

**Ground Four:** Petitioner's final ground asserts ineffective assistance of counsel. He alleges that trial counsel failed to present photographs from his injuries caused in the fight with the victim. He also claimed the police injured him. Doc. 1 at 20. This issue was raised in the 3.850 petition unsuccessfully, Doc. 1-1 at 46–49, but no appeal was taken. Thus the matter is unexhausted, with no grounds offered to excuse or forego the exhaustion defalcation. *See Bailey*, 172 F.3d at 1303.

On the merits, the ground is without substance. There is no likelihood of a different verdict if photos were shown of Petitioner's relatively minor injuries from the fight with the witness and his arrest. The witness and arresting police officers testified as to the Petitioner's state at the time. Petitioner did not testify.

At the 3.850 hearing Petitioner testified that he did not discuss introduction of the photographs with his trial counsel before or during trial, and when he asked counsel after trial about the photos, counsel told him he did not introduce the photos because Petitioner did not take the stand. Doc. 1-1 at 47. Petitioner's trial counsel also testified at the 3.850 hearing, stating that he did discuss use of the photographs with Petitioner, and this included a discussion that if Petitioner did not

---

[5] Petitioner's 3.850 proceeding was resolved by final order denying same on January 3, 2018. Doc. 1-1 at 49. He filed the instant federal 2254 habeas petition one month later.

testify, using the photos to show how the injuries were actually caused would be problematic. *Id.* at 48. The 3.850 Circuit Judge credited the testimony of Petitioner's counsel, and found that counsel "and Defendant did discuss the photographs prior to trial and specifically discussed the problem with entering the photographs without Defendant's testimony . . . . The Court finds that without Defendant's testimony the photographs would have had no or little evidentiary value. As such, the Court finds Defendant has not established deficient performance or prejudice." Doc. 1-1 at 49. This finding is well-based in the evidence and worthy of appropriate deference.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To merit a COA, Petitioner must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the

procedural issues, Petitioner is not entitled to either a COA or leave to appeal in forma pauperis.

Accordingly, a certificate of appealability is denied. Leave to appeal in forma pauperis is denied. Petitioner must obtain permission from the circuit court to appeal in forma pauperis.

## Conclusion

The Court denies the Petition with prejudice. Doc. 1. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Tampa, Florida, on July 6, 2020.

>   */s/ William F. Jung*
>   **WILLIAM F. JUNG**
>   **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, pro se